David Paul Bighia
Plaintiff, pro se
1002 Bayberry Dr.
Bellevue, NE 68005
davebighia@gmail.com

U.S. District Court
For the District of Columbia
333 Constitution Avenue, N. W.
Washington, DC. 20001

| DAVID PAUL BIGHIA,<br>Plaintiff, pro se,<br><br>v.<br><br>CHRISTINE WORMUTH,<br>SECRETARY, DEPARTMENT OF<br>THE ARMY, CENTER FOR<br>MILITARY HISTORY,<br>Defendant. | Case: 1:23–cv–00045<br>Assigned To : Nichols, Carl J.<br>Assign. Date : 1/3/2023<br>Description: Employ. Discrim. (H–DECK)<br><br>Docket No.:<br><br>Bench trial requested. |
|---|---|

## COMPLAINT

This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff was retaliated against based on his prior protected EEO activity when he was repeatedly denied selection to the positions he sought. The alleged unlawful retaliation occurred at U. S. Department of the Army, Center of Military History (CMH) located at Fort McNair, Washington DC. 20319-5060.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U. S. C. § 791 et seq.

1



RECEIVED
JAN - 3 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of the Army, Center of Military History (CMH) located at Ft. McNair, Washington, DC. 20319-5060. The claims arise from events that took place between May 2016 and August 13, 2020.

## PARTIES

3. The Plaintiff, pro se, David P. Bighia, is an adult individual who has a mailing address of 1002 Bayberry Dr., Bellevue, Nebraska, 68005. His email is : davebighia@gmail.com.

4. The Defendant, Christine Wormuth, is Secretary, Department of the Army, at the Headquarter located at 101 Army Pentagon, Room 3E700, Washington, DC. 20310-0101.

5. At all relevant times and since December 15, 2015, Charles Ryland Bowery, Jr., Ph. D., SES-1, was Executive Director, Center for Military History at 102 4th Avenue, Bldg. 35, Ft. McNair, Washington, DC 20319.

6. At all relevant times, COL Gregory Alan Baker, was Deputy Director, Center of Military History, Ft. Belvoir, VA 22060.

7. At all relevant times, Charles Cureton, was Museum Director, GS-15, at Ft. McNair, Washington, DC 20319.

8. Between November 2013 and October 2017, Virginia King Shaw, assumed the dual function of CMH Field Museum Chief (GS-1015-14) and of Museum Operations Officer at Strategic Planner, Center of Military History, 102 4th Avenue, Bldg. 35, Ft. McNair, Washington, DC 20319.

9. At all relevant times, Steven Charles Draper was Director of Ft. Hood Museum, 3rd Cavalry Regimental Museum and 1st Cavalry Division Museum, GS-1015-12, Ft. Hood, Texas.

10. At all relevant times, Susan K. Manke was Director, HQDA Civilian Personnel Advisory Center, Office of the Deputy Chief of Staff, G-1, Northcentral Region, at 2530 Cyrstal Dr., 8th Floor, Arlington, VA. 22202-3943.

11. The Department of the Army engages in commerce for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

12. The pro se Plaintiff, David P. Bighia, is a veteran with the veteran's preference status at the time of his application to the employment positions at issue in this case.

*Prior Protected Activity*

13. In 2014 Plaintiff filed a formal EEO complaint against U. S. Department of the Air Force, Agency case no. 9P0J15010, alleging discrimination based on disability for denied accommodation.

14. Between May 26 and May 27, 2016, during a settlement negotiation via teleconference, Plaintiff's then attorney, Stephanie Herrera, Esq., of Gilbert & Associates, shared with the Air Force counsels, Mr. Bernard A. Glavy, Esq. and MAJ Matthew Andrasko, Esq., a document showing the Army's job offer made to Plaintiff on October 29, 2015 for GS-11 Museum Specialist position at Ft. Belvoir, Virginia, which was pending the adjudication of security clearance at the time.

15. On or about June 27, 2016 Plaintiff was notified that Defendant's job offer for Museum Specialist (GS-11, Ft. Belvoir, Virginia, made on October 29, 2015) was withdrawn.

16. Plaintiff learned on or about March 5, 2019 that the responsible official who in May 2016 withdraw the pending October 29, 2015 job offer was the same officials (Virginia K.

Shaw, Charles Cureton, and Charles R. Bowery) who also denied selection on the subsequent vacancies Plaintiff sought: Museum Curator position (GS-1015-12) at Ft. Hood for which Plaintiff applied in June 2016.

17. On or about June 27, 2016 Plaintiff was notified by Susan K. Manke that Defendant's job offer for Museum Specialist (GS-11, Ft. Belvoir, Virginia, made on October 29, 2015) was withdrawn, because the position was cancelled. This matter was raised in a formal EEO complaint in 2017and was dismissed by EEOC administrative judge in 2020.

*Particulars of Allegations*

18. Based on his prior protected EEO activity (EEO complaint against the Air Force filed in 2014 for which settlement conference was held in late May 2016), Plaintiff was retaliated against when:

   a. On October 4, 2016 Plaintiff received a notified of non-selection to the position of Museum Curator, GS-1015-12, at the 3rd Armored Cavalry Museum located at Ft. Hood, Texas (vacancy no. WTEF160310311727987), for which he applied in June 2016. However, Plaintiff learned of the retaliatory animus only in March 2019.

      i. Virginia Shaw was the responsible management official and Charles Cureton was the final approving official.

      ii. The stated reason for non selection were: 1) Plaintiff did not have a bachelor's degree in museum studies; and 2) Plaintiff did not meet the OPM requirement for GS-12 Museum Curator. However, Plaintiff was referred as qualified and eligible.

      iii. The selectee, Adolphus, too did not have a bachelor's degree in museum studies. He had the same bachelor's degree in history, as Plaintiff did.

iv. On July 6, 2016 Plaintiff was notified that his name was referred to the selecting official.

v. The October 2016 non-selection notice was contradicted by the subsequent notice issued on November 3, 2016, informing Plaintiff of his qualification and eligibility.

vi. On February 15, 2019 Plaintiff received the second batch of records provided by Defendant in response to his Freedom Of Information Act (FOIA) request, upon review of which Plaintiff discovered that the selectee, Fred Adolphus, was ineligible to be referred to the selecting official in the first place, because he failed to identify where and when he obtained the claimed "expert level" in his responses to many questions in the application questionnaire (in violation of the specific application instructions, which included the condition that failure to follow would disqualify the applicant) and because his resume does not reflect the "expert level" qualification he so claimed.

vii. Frederick Raymond Adolphus was the only other candidate, besides Plaintiff, who was referred to the selecting official.

viii. On August 2, 2016 Adolphus was notified his tentative selection, which he accepted on the same day "pending verification of the [25%] Relation Incentive" in the amount of $18,112.75.

ix. Effective October 16, 2016 Frederick R. Adolphus was promoted to Museum Curator position at Ft. Hood, TX.

x. Plaintiff was equally qualified as Fred Adolphus; however, Adolphus disqualified himself when he failed to indicate when and how he obtained "expert level" qualification in violation of the application instruction, which should have automatically disqualified him from the referral process. Moreover, Adolphus did not claim his veteran's preference, as did Plaintiff, even though Adolphus could have.

xi. However, prior to March 5, 2019 Plaintiff was not yet suspicious of any retaliatory animus on the part of the selecting official, Virginia Shaw; as Shaw knew Adolphus as her subordinate prior to the selection (as Curator of Ft. Polk Museum), and as Plaintiff suspected of Shaw's pre-selection as illegitimate (on account of Adolphus' disqualification for failure to complete the information on "expert level" qualification) and the exorbitant "relocation incentive" offered to Adolphus in the excessive amount of $18,000 to be fraudulent.

xii. It was not until on or about March 5, 2019 Plaintiff began to have a reasonable suspicion of unlawful retaliation.

xiii. On or about March 5, 2019 Plaintiff learned that the responsible management officials who rescinded the October 2015 job offer at Ft. Belvoir, VA, in June 2016 were the same officials (Virginia Shaw and Charles Bowery, both at Washington, DC) who also denied the selection to the Museum Curator position at Ft. Hood,

6

TX, in October 2016.

b. On August 13, 2020 at 9:50 AM, Plaintiff was notified that he was not selected for the position for which he applied in April or May 2019: Museum Specialist, GS-1016-9, Ft. Hood, TX (vacancy no. NCHT191503011875).

   i. Steven Charles Draper, with the input from Charles Ryland Bowery, Jr., was the responsible management official for the non selection.

c. On August 13, 2020 at 10:04 AM Plaintiff was notified that "the hiring official has cancelled or postponed filling" the position for which Plaintiff applied in July 2019: Museum Specialist, GS-1016-9, Ft. Hood, TX (vacancy no. NCHT194503012672D).

   i. Steven Charles Draper, with the input from Charles Ryland Bowery, Jr., was the responsible management official for the cancellation.

   ii. On August 21, 2019 Plaintiff was notified by USA Staffing Office, Office of Personnel Management that Museum Specialist position (vacancy no. NCHT194503012672D) was canceled and that it will be "re-advertised under announcement number NCHT194503012924RD" and he was encouraged to re-apply. He was notified that the re-posting would be open on August 21, 2019 through August 26, 2019.

d. On August 13, 2020 at 10:04 AM, Plaintiff was notified that "the hiring

official has cancelled or postponed filling" the position for which Plaintiff applied in August 2019: Museum Specialist, GS-1016-9, Ft. Hood, TX (vacancy no. NCHT194503012924RD).

  i. Steven Charles Draper, with the input from Charles Ryland Bowery, Jr., was the responsible management official for the cancellation.

  ii. The August 13, 2020 cancellation notice on the vacancy announcement no. NCHT194503012924RD was misleading, because in late December 2019 Plaintiff saw the staff's 2019 Christmas party pictures on the 3rd Cavalry Museum Facebook page which included a picture of the new Museum Specialist.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. On February 8, 2019 Plaintiff initiated his contact with EEO counselor.

20. On March 28, 2019 Plaintiff filed an informal EEO complaint regarding the 2016 withdrawal of the job offer of 2015 in Ft. Belvoir, VA, and regarding the August 2016 non selection to the Museum Curator position, Ft. Hood, TX—the notice of which was issued in October 2016.

21. On June 18, 2019 Plaintiff filed formal EEO complaint regarding the August 2016 non selection to the GS-12 Museum Curator position.

22. On July 11, 2019 Plaintiff filed a formal EEO complaint regarding the job offer withdrawal of June 2016 and the non selection to the Museum Curator position in October 2016.

23. On January 2, 2020 Plaintiff filed an amended complaint regarding the non-selection to the three Museum Specialist positions.

24. On March 31, 2021 Defendant issued a Final Agency Decision.

25. In April 2021 Plaintiff filed an appeal to the Office of Federal Operations ("OFO").

26. On September 28, 2021 OFO denied Plaintiff's appeal.

27. On May 14, 2022 Plaintiff requested a reconsideration.

28. On October 4, 2022 OFO denied the reconsideration request.

## REMEDIES and RELIEF

29. Plaintiff seeks immediate placement to the position of Museum Curator, GS-12, at Ft. Hood, TX..

30. He also seeks lost wages and benefits for the denied GS-12 Museum Curator position for the time period between August 4, 2016 to the time of his placement to the said position.

31. Plaintiff seeks compensatory damages for pain and suffering in the maximus amount of $300,000.

## NO JURY DEMAND

32. The Plaintiff, pro se, requests a bench decision on all issues in this action.

WHEREFORE, the Plaintiff pray for a judgment in her favor and against the Defendant.

Respectfully Submitted,

David P. Bighia, Plaintiff, pro se
1002 Bayberry Dr.
Bellevue, NE 68005
davebighia@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the documents specified below were served on the entity identified below on the date of the signature below by means indicated below:

9

U.S. District Court
For the District of Columbia
333 Constitution Avenue, N. W.
Washington, DC. 20001

Via FedEx + Hand-delivery & via dcd_intake@dcd.uscourts.gov.

Complaint
Check or money order: $402.00. — will be delivered Tomorrow, Jan. 4th. 2023 via FedEx.
Summons
Civil Cover Sheet

January 3, 2023

Chungsoo J. Lee
Technical Assistant for Pro Se Litigation
EEO 21, LLC
PO Box 2008
601 West Ave.
Jenkintown, PA. 19046